**SUPERIOR COURT**
**OF THE**
**STATE OF DELAWARE**

**SHELDON K. RENNIE**
JUDGE

**LEONARD L. WILLIAMS JUSTICE CENTER**
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DE 19801
TELEPHONE: (302) 255-0048

Date Submitted: June 10, 2026
Date Decided: June 24, 2026

Donna L. Culver, Esq.
Curtis S. Miller, Esq.
Cassandra L. Baddorf, Esq.
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

Oderah C. Nwaeze, Esq.
Dami E. Omotunde, Esq.
Faegre Drinker Biddle & Reath LLP
222 Delaware Avenue, Suite 1410
Wilmington, DE 19801

> RE: *United Capital Financial Advisors, LLC v. Osaic Wealth, Inc.*, (C.A. No. N25C-12-052 SKR)

Dear Counsel:

This letter decision resolves Defendant Osaic Wealth, Inc's ("Osaic") Motion to Dismiss (the "Motion").[1] For the reasons explained below, the Motion is **GRANTED** without prejudice.

---

[1] D.I. 10 ("Mot.").

The Court assumes familiarity with the underlying facts of this dispute. On June 10, 2026, following the conclusion of briefing,[2] the Court heard oral argument on the Motion. Osaic's primary contention is that Plaintiff United Capital Financial Advisor LLC's ("United Capital") complaint[3] lacks sufficient factual allegations regarding Osaic's direct involvement in the alleged wrongdoing.[4]

Most of the pled counts are subject to the notice-pleading standard of Superior Court Civil Rule 8(a), which requires "a short and plain statement of the claim, showing that the pleader is entitled to relief." While the requirements of this rule are more akin to scaling a low climbing wall than summiting a mountain, Rule 8(a) still establishes an actual procedural bar.

Complicating the Court's analysis is United Capital's extensive reliance upon pleading on "information and belief."[5] To be clear, the Court is aware that no discovery has yet occurred, and that United Capital's access to internal facts is

---

[2] *See* Mot., D.I. 25 ("Opp'n"), D.I. 30 ("Reply"). The parties also each submitted an additional letter to the Court. *See* D.I. 34, D.I. 36.
[3] D.I. 1 ("Compl.").
[4] *See* Mot.
[5] As written, 43 of the complaint's 144 paragraphs plead facts upon information and belief.

necessarily limited.[6] However, a complaint still must contain sufficient foundational facts to support reasonable inferences.[7]

As currently drafted, this complaint leaves the Court grasping for factual handholds. To give one example, the complaint asserts that Osaic obtained confidential information belonging to United Capital, but it stops short of explicitly alleging that Osaic received or accessed specific employment records.[8]

In its briefing—and more visual still during oral argument—United Capital made factual representations that allowed the Court to more clearly comprehend the bases for the inferences it is being asked to draw. The Court could invest significant judicial resources into making close calls on the sufficiency of the complaint for each individual claim. However, the representations made at oral argument indicate that such an exercise would quickly be rendered moot by a subsequent motion for leave to amend.[9] With this efficiency in mind, the Court finds that the interests of justice are best served by granting United Capital leave to amend its complaint. This

---

[6] *See Payscale Inc. v. Norman*, 2026 WL 774876, at *8 (Del. Supr. Mar. 19, 2026) ("Without discovery, [plaintiff] could not be expected to plead more particularized facts about its competitor's business or competitive practices.").

[7] *See In re Xura, Inc. S'holder Litig.*, 2019 WL 3063599, at *3 (Del. Ch. Jul. 12, 2019) ("Pleading serial facts 'on information and belief' is no substitute for well-pled facts that will support a reasonable inference of wrongdoing.").

[8] Compl. ¶ 4.

[9] *See* Opp'n 24 n.12 ("United respectfully requests that any dismissal be without prejudice and with opportunity to amend.").

will allow United Capital to replead its claims with non-conclusory facts that properly support its requested inferences under Rule 8(a).[10]

For the foregoing reasons, Osaic's Motion to Dismiss is **GRANTED** without prejudice, and United Capital is granted leave to file an amended complaint.

**IT IS SO ORDERED**.

Very truly yours,

Sheldon K. Rennie
Judge

SKR/ars
Original to Prothonotary

---

[10] *See* Super. Ct. Civ. R. 15(a). Despite the substantial amount in controversy, this matter is not assigned to the Complex Commercial Litigation Division ("CCLD"). Accordingly, the action is governed by the general Superior Court Civil Rules rather than CCLD Rule 143.